**CALDARELLI HEJMANOWSKI & PAGE LLP**
William J. Caldarelli (SBN #149573)
12340 El Camino Real, Suite 430
San Diego, CA 92130
Tel: (858) 720-8080
Fax: (858) 720-6680
wjc@chplawfirm.com

**FABIANO LAW FIRM, P.C.**
Michael D. Fabiano (SBN #167058)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (619) 742-9631
mdfabiano@fabianolawfirm.com

**OSBORNE LAW LLC**
John W. Osborne (*Pro Hac Vice* App. Pending)
33 Habitat Lane
Cortlandt Manor, NY 10567
Telephone: (914) 714-5936
josborne@osborneipl.com

**WATTS LAW OFFICES**
Ethan M. Watts (SBN #234441)
12340 El Camino Real, Suite 430
San Diego, CA 92130
Telephone: (858) 509-0808
Facsimile: (619) 878-5784
emw@ewattslaw.com

Attorneys for Plaintiff Ameranth, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC.<br><br>Plaintiff,<br><br>v.<br><br>TICKETMASTER, LLC and LIVE NATION ENTERTAINMENT, INC.,<br><br>Defendants. | Case No. **'12CV1648 WQHJMA**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Ameranth, Inc., for its Complaint against Defendants TicketMaster, LLC and Live Nation Entertainment, Inc. (collectively "TicketMaster"), avers as follows:

**PARTIES**

1. Plaintiff Ameranth, Inc. ("Ameranth") is a Delaware corporation having a principal place of business at 5820 Oberlin Drive, Suite 202, San Diego, California 92121.  Ameranth develops, manufactures and sells, *inter alia*, hospitality industry, entertainment, restaurant and food service information technology solutions under the trademarks 21st Century Communications™, and 21st Century Restaurant™, among others, comprising the synchronization and integration of hospitality information and hospitality software applications between fixed, wireless and/or internet applications, including but not limited to computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld computing devices.

2. Defendant TicketMaster, LLC is, on information and belief, a Virginia limited liability corporation having a principal place of business and headquarters in Beverly Hills, California.  Defendant Live Nation Entertainment, Inc. is, on information and belief, a Delaware corporation having a principal place of business and headquarters in Beverly Hills, California.  These two entities are collectively referred to herein as "TicketMaster".  On information and belief, TicketMaster makes, uses, offers for sale or license and/or sells or licenses entertainment box office management and ticketing/ticket sales/ticket purchases information-technology products, software, components and/or systems within this Judicial District, including the TicketMaster System as defined herein.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, 281-285.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, TicketMaster engages in (a) the offer for sale or license and sale or license of hospitality industry, ticketing, reservations, and/or ordering products and/or components in the United States, including this Judicial District, including services, products, software, and components, comprising wireless and internet POS and/or hospitality aspects; (b) the installation and maintenance of said services, products, software, components and/or systems in hospitality industry, ticketing, reservations, ordering, and/or entertainment information technology systems in the United States, including this Judicial District; and/or (c) the use of hospitality industry, ticketing, reservations, ordering, and/or entertainment information technology systems comprising said services, products, software, components and/or systems in the United States, including this Judicial District.

6. This Court has personal jurisdiction over TicketMaster because TicketMaster commits acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale or license, and/or selling or licensing infringing services, products, software, components and/or systems in this Judicial District.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**BACKGROUND**

8. Ameranth was established in 1996 to develop and provide its 21st Century Communications™ innovative information technology solutions for the hospitality industry (inclusive of, e.g., restaurants, hotels, casinos, nightclubs, cruise ships and other entertainment and sports venues). Ameranth has been widely recognized as a technology leader in the provision of wireless and internet-based systems and services to, *inter alia*, restaurants, hotels, casinos, cruise ships and entertainment and sports venues. Ameranth's award winning inventions enable, in relevant part, generation and synchronization of menus, including but not limited to restaurant menus, event tickets, and other products across fixed, wireless and/or internet platforms as well as synchronization of hospitality information and hospitality software applications across fixed, wireless and internet platforms, including but not limited to,

2
**COMPLAINT FOR PATENT INFRINGEMENT**

computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld computing devices.

9. Ameranth began development of the inventions leading to the patent-in-suit and the other patents in this patent family in the late Summer of 1998, at a time when the then-available wireless and internet hospitality offerings were extremely limited in functionality, were not synchronized and did not provide an integrated system-wide solution to the pervasive ordering, reservations, affinity program and information management needs of the hospitality industry. Ameranth uniquely recognized the actual problems that needed to be resolved in order to meet those needs, and thereafter conceived and developed its breakthrough inventions and products to provide systemic and comprehensive solutions directed to optimally meeting these industry needs. Ameranth has expended considerable effort and resources in inventing, developing and marketing its inventions and protecting its rights therein.

10. Ameranth's pioneering inventions have been widely adopted and are thus now essential to the modern wireless hospitality enterprise of the 21st Century. Ameranth's solutions have been adopted, licensed and/or deployed by numerous entities across the hospitality industry.

11. The adoption of Ameranth's technology by industry leaders and the wide acclaim received by Ameranth for its technological innovations are just some of the many confirmations of the breakthrough aspects of Ameranth's inventions. Ameranth has received twelve different technology awards (three with "end customer" partners) and has been widely recognized as a hospitality wireless/internet technology leader by almost all major national and hospitality print publications, *e.g.*, The Wall Street Journal, New York Times, USA Today and many others. Ameranth was personally nominated by Bill Gates, the Founder of Microsoft, for the prestigious Computerworld Honors Award that Ameranth received in 2001 for its breakthrough synchronized reservations/ticketing system with the Improv Comedy Theatres. In his nomination, Mr. Gates described Ameranth as "one of the leading pioneers of information technology for the betterment of mankind." This prestigious award was based on Ameranth's innovative synchronization of wireless/web/fixed hospitality software technology.

1  Subsequently, the United States Patent and Trademark Office granted Ameranth a number of
2  currently-issued patents, two of which are the basis for this lawsuit.  Ameranth has issued press
3  releases announcing these patent grants on business wires, on its web sites and at numerous
4  trade shows since the first of the presently-asserted patents issued in 2002.  A number of
5  companies have licensed patents and technology from Ameranth, recognizing and confirming
6  the value of Ameranth's innovations.

## RELATED CASES PREVIOUSLY FILED

12. The Ameranth patents asserted herein, U.S. Patent No. 6,384,850 (the "'850 patent"), U.S. Patent No. 6,871,325 (the "'325 patent"), and U.S. Patent No. 8,146,077 (the "'077 patent"), are all patents in Ameranth's "Information Management and Synchronous Communications" patent family.

13. Ameranth is also currently asserting claims of these same patents in separate lawsuits, against other defendants, that are already pending in this Court.  The first-filed lawsuit asserts claims of the '850 and '325 patents and is entitled *Ameranth v. Pizza Hut, Inc. et al.*, Case No. 3:11-cv-01810-JLS-NLS.  Lawsuits subsequently filed by Ameranth in this Court, asserting claims of the '077 patent, include Case Nos. 3:12-cv-00729-JLS-NLS; 3:12-cv-00731-JLS-NLS; 3:12-cv-00732-JLS-NLS; 3:12-cv-00733-JLS-NLS; 3:12-cv-00737-JLS-NLS; 3:12-cv-00738-JLS-NLS; 3:12-cv-00739-JLS-NLS; and 3:12-cv-00742-JLS-NLS.  Another lawsuit subsequently filed by Ameranth in this Court, asserting claims of the '850, '325, and '077 patents, is Case No. 3:12-cv-00858-JLS-NLS.

## COUNT I

### Patent Infringement (U.S. Pat. No. 6,384,850)

### (35 U.S.C. § 271)

14. Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-13 above as if fully set forth herein.

15. On May 7, 2002, United States Patent No. 6,384,850 entitled "Information Management and Synchronous Communications System with Menu Generation" ("the '850

4
**COMPLAINT FOR PATENT INFRINGEMENT**

patent") (a true and copy of which is attached hereto as **Exhibit A**) was duly and legally issued by the United States Patent & Trademark Office.

16. Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '850 patent.

17. On information and belief, TicketMaster directly infringes and continues to directly infringe one or more valid and enforceable claims of the '850 patent, in violation of 35 U.S.C. § 271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the TicketMaster system/product/service, which includes, inter alia, wireless and internet ticketing integration, online and mobile ticketing/ticket sales/ticket purchases, integration with e-mail and affinity program and social media applications such as Facebook, Twitter, Groupon, and YouTube, and/or other third-party web-based applications, and other hospitality aspects ("TicketMaster System").

18. On information and belief, the TicketMaster System, as deployed and/or used at or from one or more locations by TicketMaster, its agents, distributors, partners, affiliates, licensees, and/or their customers, infringes one or more valid and enforceable claims of the '850 patent, by, *inter alia*, doing at least one of the following: (a) Generating and transmitting menus in a system including a central processing unit, a data storage device, a computer operating system containing a graphical user interface, one or more displayable main menus, modifier menus, and sub-modifier menus, and application software for generating a second menu and transmitting it to a wireless handheld computing device or a Web page; and/or (b) Enabling ticketing/ticket sales/ticket purchases and other hospitality functions via iPhone, Android, and other internet-enabled wireless handheld computing devices as well as via Web pages, storing hospitality information and data on at least one central database, on at least one wireless handheld computing device, and on at least one Web server and Web page, and synchronizing applications and data, including but not limited to applications and data relating to ordering, between at least one central database, wireless handheld computing devices, and at least one Web server and Web page; utilizing an interface that provides a single point of entry

that allows the synchronization of at least one wireless handheld computing device and at least one Web page with at least one central database; allowing information to be entered via Web pages, transmitted over the internet, and automatically communicated to at least one central database and to wireless handheld computing devices; allowing information to be entered via wireless handheld computing devices, transmitted over the internet, and automatically communicated to at least one central database and to Web pages.

19. On information and belief, TicketMaster has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '850 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons.

20. On information and belief, customers of TicketMaster, including consumers, venue operators, and others, use the TicketMaster System. TicketMaster provides instruction and direction regarding the use of the TicketMaster System, and advertises, promotes, and encourages the use of the TicketMaster System.

21. On information and belief, the TicketMaster System infringes one or more valid and enforceable claims of the '850 patent for the reasons set forth hereinabove.

22. On information and belief, TicketMaster has had knowledge of the '850 patent, and knew or should have known that its continued offering and deployment of the TicketMaster System, and its continued support of consumers and other users of this system/product/service, would induce direct infringement by those users. Additionally, TicketMaster intended that its actions would induce direct infringement by those users.

23. On information and belief, TicketMaster has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '850 patent, in violation of 35 U.S.C. § 271(c).

24. By distributing, selling, offering, offering to sell or license and/or selling or licensing the TicketMaster System, TicketMaster provides non-staple articles of commerce to others for use in infringing systems, products, and/or services. Additionally, TicketMaster provides instruction and direction regarding the use of the TicketMaster System, and advertises,

promotes, and encourages the use of the TicketMaster System. Users of one or more of the TicketMaster System directly infringe one or more valid and enforceable claims of the '850 patent for the reasons set forth hereinabove.

25. On information and belief, the TicketMaster System infringes one or more valid and enforceable claims of the '850 patent, for the reasons set forth hereinabove.

26. On information and belief, TicketMaster has had knowledge of the '850 patent, including knowledge that the TicketMaster System, which is a non-staple article of commerce, has been used as a material part of the claimed invention of the '850 patent, and that there are no substantial non-infringing uses for the TicketMaster System.

27. On information and belief, the aforesaid infringing activities of TicketMaster have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

28. The aforesaid infringing activity of TicketMaster has directly and proximately caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

## COUNT II

### Patent Infringement (U.S. Pat. No. 6,871,325)

### (35 U.S.C. § 271)

29. Plaintiff reiterates and reincorporates the allegations set forth in paragraphs 1-28 above as if fully set forth herein.

30. On March 22, 2005, United States Patent No. 6,871,325 entitled "Information Management and Synchronous Communications System with Menu Generation" ("the '325 patent") (a true and correct copy of which is attached hereto as **Exhibit B**) was duly and legally issued by the United States Patent & Trademark Office.

31. Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '325 patent.

32. On information and belief, TicketMaster directly infringes and continues to directly infringe one or more valid and enforceable claims of the '325 patent, in violation of 35 U.S.C. § 271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the TicketMaster System.

33. On information and belief, the TicketMaster System, as deployed and/or used at or from one or more locations by TicketMaster, its agents, distributors, partners, affiliates, licensees, and/or their customers, infringes one or more valid and enforceable claims of the '325 patent, by, *inter alia*, doing at least one of the following: (a) Generating and transmitting menus in a system including a central processing unit, a data storage device, a computer operating system containing a graphical user interface, one or more displayable main menus, modifier menus, and sub-modifier menus, and application software for generating a second menu and transmitting it to a wireless handheld computing device or a Web page; and/or (b) Enabling ticketing/ticket sales/ticket purchases and other hospitality functions via iPhone, Android, and other internet-enabled wireless handheld computing devices as well as via Web pages, storing hospitality information and data on at least one central database, on at least one wireless handheld computing device, and on at least one Web server and Web page, and synchronizing applications and data, including but not limited to applications and data relating to orders, between at least one central database, wireless handheld computing devices, and at least one Web server and Web page; and sending alerts, confirmations, and other information regarding orders to various wireless mobile devices.

34. On information and belief, TicketMaster has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '325 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons.

35. On information and belief, customers of TicketMaster, including consumers, venue operators, and others, use the TicketMaster System in a manner that infringes upon one or more valid and enforceable claims of the '325 patent. TicketMaster provides instruction and

direction regarding the use of the TicketMaster System and advertises, promotes, and encourages the use of the TicketMaster System.

36. On information and belief, TicketMaster actively induces others to infringe the '325 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting customers of TicketMaster, including consumers, venue operators, and others, to use the infringing TicketMaster System in the United States without authority or license from Ameranth.

37. On information and belief, TicketMaster contributorily infringes and continues to contributorily infringe one or more valid and enforceable claims of the '325 patent, in violation of 35 U.S.C. § 271(c) by offering to sell and/or selling components of systems on which claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '325 patent.

38. By distributing, selling, offering, offering to sell or license and/or selling or licensing the TicketMaster System, TicketMaster provides non-staple articles of commerce to others for use in infringing systems, products, and/or services. Additionally, TicketMaster provides instruction and direction regarding the use of the TicketMaster System and advertises, promotes, and encourages the use of the TicketMaster System. Users of the TicketMaster System directly infringe one or more valid and enforceable claims of the '325 patent, for the reasons set forth hereinabove.

39. On information and belief, the TicketMaster System infringes one or more valid and enforceable claims of the '325 patent, for the reasons set forth hereinabove.

40. On information and belief, TicketMaster has had knowledge of the '325 patent, including knowledge that the TicketMaster System, which is a non-staple articles of commerce, has been used as a material part of the claimed invention of the '325 patent, and that there are no substantial non-infringing uses for the TicketMaster System.

**COMPLAINT FOR PATENT INFRINGEMENT**

41. On information and belief, the aforesaid infringing activities of TicketMaster have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

42. The aforesaid infringing activity of TicketMaster has directly and proximately caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

## COUNT III

### Patent Infringement (U.S. Pat. No. 8,146,077)

### (35 U.S.C. § 271)

43. Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-42 above as if fully set forth herein.

44. On March 27, 2012, United States Patent No. 8,146,077 entitled "Information Management and Synchronous Communications System with Menu Generation, and Handwriting and Voice Modification of Orders" (a true copy of which is attached hereto as **Exhibit C** and incorporated herein by reference) was duly and legally issued by the United States Patent & Trademark Office.

45. Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '077 patent.

46. On information and belief, TicketMaster directly infringes and continues to directly infringe one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(a) by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the TicketMaster System.

47. On information and belief, the TicketMaster System, as deployed and/or used at or from one or more locations by TicketMaster, its agents, distributors, partners, affiliates, licensees, and/or their customers, infringes one or more valid and enforceable claims of the '077 patent, by, *inter alia*, doing at least one of the following: (a) Configuring and transmitting

1  menus in a system including a central processing unit, a data storage device, a computer
2  operating system containing a graphical user interface, one or more displayable master menus,
3  menu configuration software enabled to generate a menu configuration for a wireless handheld
4  computing device in conformity with a customized display layout, and enabled for
5  synchronous communications and to format the menu configuration for a customized display
6  layout of at least two different wireless handheld computing device display sizes, and/or (b)
7  Enabling ticketing/ticket sales/ticket purchases and other hospitality functions via iPhone,
8  Android, and other internet-enabled wireless handheld computing devices as well as via Web
9  pages, storing hospitality information and data on at least one database, on at least one wireless
10 handheld computing device, and on at least one Web server and Web page, and synchronizing
11 applications and data, including but not limited to applications and data relating to orders,
12 between at least one database, wireless handheld computing devices, and at least one Web
13 server and Web page; utilizing communications control software enabled to link and
14 synchronize hospitality information between at least one database, wireless handheld
15 computing device, and web page, to display information on web pages and on different
16 wireless handheld computing device display sizes, and to allow information to be entered via
17 Web pages, transmitted over the internet, and automatically communicated to at least one
18 database and to wireless handheld computing devices; allowing information to be entered via
19 wireless handheld computing devices, transmitted over the internet, and automatically
20 communicated to at least one database and to Web pages.

21    48.   On information and belief, TicketMaster has indirectly infringed and continues to
22 indirectly infringe one or more valid and enforceable claims of the '077 patent, in violation of
23 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by
24 other persons.

25    49.   On information and belief, customers of TicketMaster, including consumers, venue
26 operators, and others, use the TicketMaster System in a manner that infringes upon one or
27 more valid and enforceable claims of the '077 patent.  TicketMaster provides instruction and
28

direction regarding the use of the TicketMaster System and advertises, promotes, and encourages the use of the TicketMaster System.

50. On information and belief, TicketMaster actively induces others to infringe the '077 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting customers of TicketMaster, including consumers, venue operators, and others, to use the infringing TicketMaster System in the United States without authority or license from Ameranth.

51. On information and belief, TicketMaster contributorily infringes and continues to contributorily infringe one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(c) by offering to sell and/or selling components of systems on which claims of the '077 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '077 patent.

52. By distributing, selling, offering, offering to sell or license and/or selling or licensing the TicketMaster System, TicketMaster provides non-staple articles of commerce to others for use in infringing systems, products, and/or services. Additionally, TicketMaster provides instruction and direction regarding the use of the TicketMaster System and advertises, promotes, and encourages the use of the TicketMaster System. Users of the TicketMaster System directly infringe one or more valid and enforceable claims of the '077 patent, for the reasons set forth hereinabove.

53. On information and belief, each of the TicketMaster System infringes one or more valid and enforceable claims of the '077 patent, for the reasons set forth hereinabove.

54. On information and belief, TicketMaster has had knowledge of the '077 patent, including knowledge that the TicketMaster System, which is a non-staple article of commerce, has been used as a material part of the claimed invention of the '077 patent, and that there are no substantial non-infringing uses for the TicketMaster System.

55. On information and belief, the aforesaid infringing activities of TicketMaster have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

56. The aforesaid infringing activity of TicketMaster has directly and proximately caused damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Ameranth respectfully prays for judgment against TicketMaster, as follows:

1. Adjudging that the manufacture, use, offer for sale or license and /or sale or license of the TicketMaster System infringes valid and enforceable claims of the '850 patent, and the '325 patent, and the '077 patent, as set forth hereinabove;

2. Adjudging that TicketMaster has infringed, actively induced others to infringe and/or contributorily infringed valid and enforceable claims of the '850 patent, and the '325 patent, and the '077 patent, as set forth hereinabove;

3. Adjudging that TicketMaster's infringement of the valid and enforceable claims of the '850 patent, and the '325 patent, and the '077 patent, has been knowing and willful;

4. Enjoining TicketMaster, and its officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates and all other persons acting in concert, participation or privity with TicketMaster, and their successors and assigns, from infringing, contributorily infringing and/or inducing others to infringe the valid and enforceable claims of the '850 patent, and the '325 patent, and the '077 patent;

5. Awarding Ameranth the damages it has sustained by reason of TicketMaster's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

6. Awarding Ameranth increased damages of three times the amount of damages found or assessed against TicketMaster by reason of the knowing, willful and deliberate nature of TicketMaster's acts of infringement pursuant to 35 U.S.C. § 284;

1      7.    Adjudging this to be an exceptional case and awarding Ameranth its attorney's

2  fees pursuant to 35 U.S.C. §285;

3      8.    Awarding to Ameranth its costs of suit, and interest as provided by law; and

4      9.    Awarding to Ameranth such other and further relief that this Court may deem

5  just and proper.

## DEMAND FOR JURY TRIAL

Ameranth demands trial by jury of its claims set forth herein to the maximum extent permitted by law.

Respectfully submitted,

Dated: June 29, 2012

CALDARELLI HEJMANOWSKI & PAGE LLP

By: /s/ William J. Caldarelli
    William J. Caldarelli

FABIANO LAW FIRM, P.C.
Michael D. Fabiano

OSBORNE LAW LLC
John W. Osborne

WATTS LAW OFFICES
Ethan M. Watts

**Attorneys for Plaintiff AMERANTH, INC.**